IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT TROCHE, JR. | : | CIVIL ACTION |
| vs. | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | NO. 08-5953 |

## MEMORANDUM

**PRATTER, J.**                                                                                       **JANUARY 8, 2009**

Petitioner Albert Roche, Jr., a pre-trial detainee at Berks County Prison, has filed a pro se Petition for Writ of Mandamus, alleging that the Court of Common Pleas of Berks County revoked his original bail set at $10,000 without notifying him of the bail hearing. Plaintiff asserts that his "bail was raised to an excessive and unconstitutional amount of three million dollars," resulting in his present pre-trial confinement. He seeks the reinstatement of his original bail amount of $10,000.

Petitioner Troche also has filed a motion to proceed in forma pauperis. Because it appears that Mr. Troche is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted. However, for the reasons which follow, the Petition for Writ of Mandamus will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Because the respondent in this action is the Commonwealth of Pennsylvania, the federal mandamus statute, 28 U.S.C. § 1361, affords the petitioner no relief. This statute grants federal courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner." (emphasis added) Thus, this statute provides no basis for federal subject matter jurisdiction in a mandamus

action against the Commonwealth of Pennsylvania or any of its employees as requested by Mr. Troche.

Likewise, 28 U.S.C. § 1651 affords no relief. This statute authorizes the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions. . ." It does not confer jurisdiction in mandamus actions over the Commonwealth or any of its employees. Moreover, even if this Court had jurisdiction in this matter (which it does not), the relief Petitioner Troche seeks would not be granted because it would be wholly inappropriate to intervene in an ongoing state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 53-54 (1971).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERT TROCHE, JR.** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** | : | **NO. 08-5953** |

## O R D E R

AND NOW, this 8th day of January, 2009, having considered the Petition (Doc. No. 1) and the Motion to Proceed in forma pauperis (Doc. No. 1) filed in this case, IT IS HEREBY **ORDERED** that:

1. The motion for leave to proceed in forma pauperis is **GRANTED**; and

2. The Petition for Writ of Mandamus is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), for the reasons stated in the accompanying memorandum.

BY THE COURT:

*/s/ Gene E.K. Pratter*
Gene E.K. Pratter
*United States District Judge*